**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| DARTAGNAN A. GARY, | ) | No. ED CV 15-584-JLS (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER SUMMARILY DISMISSING PETITION AS DUPLICATIVE** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | ) ) ) | |
| Respondent. | ) | |

    On March 18, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, in case number ED CV 15-522-JLS (PLA) ("ED CV 15-522"). On March 19, 2015, the Magistrate Judge issued an Order Requiring Response to Petition. (ED CV 15-522, Dkt. No. 4).

    On March 26, 2015, petitioner filed a virtually identical Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."), which, for the reasons discussed below, was inadvertently assigned a *new* case number, ED CV 15-584-JLS (PLA) ("ED CV 15-584"). A comparison of the Petition in this case, with the petition in case number ED CV 15-522, reflects only two differences: (1) in case number ED CV 15-584, petitioner attached the California Court of Appeal decision in People v. Gary ("Attachment"), which had been referenced but not included with the petition in case number ED CV 15-522 (ED CV 15-522, Dkt.

No. 1 at 3 ("SEE ATTACHED")); and (2) petitioner did not sign and date the Petition in ED CV 15-584. (Pet. at form page 8). In all other respects, the two petitions are identical.

As part of its general powers to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct.1236, 47 L. Ed. 2d 483 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. Cal. Dep't of Health Serv., 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)); see also Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (court has discretion to dismiss a pleading "that merely repeats pending or previously litigated claims") (citations omitted).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689; see also Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (a suit is duplicative and subject to dismissal if the "claims, parties, and available relief do not significantly differ between the two actions"). The court has discretion to dismiss a duplicative action with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir. 1969) (per curiam)).

Based on its review, the Court has determined that the Petition in case number ED CV 15-584, containing the same claims, parties, and requested relief as the petition in case number ED CV 15-522, is duplicative of the petition in case number ED CV 15-522, and was submitted by petitioner only in an attempt to provide the Court with the document that had been referenced but

not included with the petition in the first case. The otherwise duplicative Petition was inadvertently given a new case number when received by the Court.

## ORDER

In light of the foregoing, the Court finds that dismissal of the instant Petition is appropriate as it is duplicative of a pending action, i.e., case number ED CV 15-522. IT IS THEREFORE ORDERED that the Petition is **dismissed with prejudice. The court clerk is ordered to copy the Attachment contained in ED CV 15-584 and lodge it with the docket in case number ED CV 15-522.**

DATED: April 03, 2015

_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

3